**EXHIBIT 13**

Court file no. 02-CV- 12-453209

"ONTARIO"
**SUPERIOR COURT OF JUSTICE**

BETWEEN:

ALT SOFTWARE INC.

Plaintiff

and

DARRYL PARISIEN, DANIEL JONCAS, JOHN McCORMICK,
GREG SZOBER, AIDAN FABIUS, JENNIFER JOHNSTON,
KEN WENGER, STEPHEN VIGGERS,
CORE AVIONICS & INDUSTRIAL (CANADA) INC. and
CORE AVIONICS & INDUSTRIAL LLC

Defendants

**STATEMENT OF CLAIM**

TO THE DEFENDANTS

A LEGAL PROCEEDING HAS BEEN COMMENCED AGAINST YOU by the plaintiff(s). The claim made against you is set out in the following pages.

IF YOU WISH TO DEFEND THIS PROCEEDING, you or an Ontario lawyer acting for you must prepare a statement of defence in Form 18A prescribed by the rules of court, serve it on the plaintiff(s) lawyer or, where the plaintiff(s) do(es) not have a lawyer, serve it on the plaintiff(s), and file it, with proof of service, in this court office, WITHIN TWENTY DAYS after this statement of claim is served on you, if you are served in Ontario.

If you are served in another province or territory of Canada or in the United States of America, the period for serving and filing your statement of defence is forty days. If you are served outside Canada and the United States of America, the period is sixty days.

Instead of serving and filing a statement of defence, you may serve and file a notice of intent to defend in Form 18B prescribed by the Rules of Civil Procedure. This will entitle you to ten more days within which to serve and file your statement of defence.

EXHIBIT
13

2

IF YOU FAIL TO DEFEND THIS PROCEEDING, JUDGMENT MAY BE GIVEN AGAINST YOU IN YOUR ABSENCE AND WITHOUT FURTHER NOTICE TO YOU. IF YOU WISH TO DEFEND THIS PROCEEDING BUT ARE UNABLE TO PAY LEGAL FEES, LEGAL AID MAY BE AVAILABLE TO YOU BY CONTACTING A LOCAL LEGAL AID OFFICE.

IF YOU PAY THE PLAINTIFF'S CLAIM, and $1,000.00 for costs, within the time for serving and filing your statement of defence you may move to have this proceeding dismissed by the court. If you believe the amount claimed for costs is excessive, you may pay the plaintiff's claim and $400 for costs and have the costs assessed by the court.

Date: May 9, 2012                                    issued by:

                                                     _____
                                                     Local Registrar          Y. Grant
                                                     393 University Avenue    Registrar
                                                     10th Floor
                                                     Toronto, Ontario
                                                     M5G 1E6

TO:
DARRYL PARISIEN
842 Duplex Avenue
Toronto, ON M4R 1W9


AND TO:
DANIEL JONCAS,
493 Zeller Drive
Kitchener, ON N2A 4M4


AND TO:
JOHN McCORMICK
105 Townsend Avenue
Burlington, ON L7T 1Y8

AND TO:
GREG SZOBER
182 General Drive
Kitchener, ON L7T 1Y8

AND TO:
AIDEN FABIUS
119 Roseheath Drive
Toronto, ON M4C 3P6

AND TO:
JENNIFER JOHNSTON
74 Belmont Avenue
Kitchener, ON N2M 1L4

AND TO:
KEN WENGER
6990 Chilcot Court
Mississauga, ON L5N 6Y9

AND TO:
STEPHEN VIGGERS
489 Zeller Drive
Kitchener, ON N2A 4M4

AND TO:
**CORE AVIONICS & INDUSTRIAL (CANADA) INC.**
c/o
493 Zeller Drive
Kitchener, ON N2A 4M4

AND TO:
**CORE AVIONICS & INDUSTRIAL LLC**
400 N.Tampa Street
Suite 2850
Tampa, Florida, USA 33602

4

## CLAIM

1. The plaintiff's claim is against the defendants for:

    (a) damages for conspiracy in the amount of $10,000,000.00;

    (b) in the alternative, damages for interference with economic relations in the amount of $10,000,000.00;

    (c) in the alternative, damages for breach of fiduciary duty in the amount of $10,000,000.00;

    (d) in the alternative, damages for breach of confidence in the amount of $10,000,000.00;

    (e) an interim, interlocutory and permanent injunction restraining the defendants from soliciting any employees of the plaintiff, or customers of the plaintiff;

    (f) pre-judgment and post-judgment interest on any damages awarded in accordance with the Courts of Justice Act, as amended;

    (g) its costs of this action on a substantial indemnity basis;

    (d) such further and other relief as to this Honourable Court may seem just.

2. The plaintiff is a corporation with its head office in the City of Toronto, in the Province of Ontario.

3. The defendant Darryl Parisien is the former President of the plaintiff, and resides in the City of Toronto, in the Province of Ontario.

5

4.  The defendant Daniel Joncas, is the former VP of sales of the plaintiff, and resides in the City of Kitchener, in the Province of Ontario.

5.  The defendant John McCormick, is the former Director, Embedded Graphics of the plaintiff, and resides in the City of Burlington, in the Province of Ontario.

6.  The defendant Greg Szober, is the former Principal Software Developer of the plaintiff, and resides in the City of Kitchener, in the Province of Ontario.

7.  The defendant Aidan Fabius, is the former Principal Software Developer of the plaintiff, and resides in the City of Toronto, in the Province of Ontario.

8.  The defendant Jennifer Johnston, is the former Senior Software Developer of the plaintiff, and resides in the City of Kitchener, in the Province of Ontario.

9.  The defendant Ken Wenger, is the former Intermediate Software Developer of the plaintiff, and resides in the City of Mississauga, in the Province of Ontario.

10.  The defendant Stephen Viggers, is the former VP, Operations of the plaintiff and resides in the City of Kitchener, in the Province of Ontario.

6

11. The defendant Core Avionics & Industrial (Canada) Inc., is a corporation with an office in the City of Kitchener-Waterloo, in the Province of Ontario.

12. The defendant Core Avionics & Industrial LLC is a limited liability company formed under the laws of the State of Florida, in the United States of America.

13. The plaintiff says that it is the world's leading supplier of customized software solutions that enable 2D and 3D graphics to be embedded in computing devices, with total sales to date over 50 million dollars.

14. The defendant Darryl Parisien was employed as president of Alt. Software Inc. was a shareholder and was a member of the Board of Directors of the plaintiff, and as such he owed the plaintiff a fiduciary duty and a duty of confidence.

15. The defendants, Joncas, McCormick, Szober, Fabius, Johnston, Wenger and Viggers were all employees of Alt Software Inc., and as such owed the plaintiff a fiduciary duty and/or a duty of confidence.

16. The plaintiff says that all of the individual defendants, with the exception of the defendant Darrell Parisien, are now employed by the defendant Core Avionics & Industrial (Canada) Inc., which company in turn is wholly or partially owned by the defendant Core Avionics & Industrial LLC.

7

17.     The plaintiff says that the defendant Core Avionics & Industrial (Canada) Inc. was incorporated for the express purpose of soliciting the plaintiff's employees to that defendant, which employees are critical to the continued development and sale of software solutions for the plaintiff.

18.     The plaintiff says that the defendant Core Avionics & Industrial LLC, is a direct competitor of the plaintiff, who has from time to time entered into business relationships with the plaintiff.

19.     In particular, the plaintiff and the defendant, Core Avionics & Industrial LLC, entered into a License Agreement, a Re-Seller Agreement and other agreements on or about June 21st, 2011. As such, the plaintiff says that this defendant owes not only contractual obligations but also a fiduciary duty and a duty of confidence to the plaintiff.

20.     The plaintiff says that the defendants collectively have conspired to solicit employees and customers away from the plaintiff. The overt acts that the defendants have engaged in are as follows:

(a) Incorporating Core Avionics & Industrial (Canada) Inc. to compete directly with the plaintiff.

(b) Soliciting key employees away from the plaintiff to work for Core Avionics & Industrial (Canada) Inc.;

8

(c) Contacting customers and partners of the plaintiff to allege that the plaintiff will be unable to fulfil its obligations to its customers and partners;

(d) Misleading the Board of Directors with respect to the value of assets being sold by the plaintiff to Core Avionics & Industrial LLC;

(e) Claiming entitlement to assets not sold pursuant to the Re-Seller Agreement;

(f) Frustrating the ability of the plaintiff to complete contacts with customers;

21.     In addition, the plaintiff says that the individual defendants entered into written employment agreements with the plaintiff pursuant to which they agreed that they would not solicit, interfere or endeavour to entice away from the plaintiff any person, firm, corporation who is a client, customer or supplier of the plaintiff, and would not entice, solicit any officer, employee or consultant of the plaintiff. The plaintiff says that all of these defendants have breached their written Employment Agreements, or in the alternative have breached their fiduciary duties or obligations of confidence owed to the plaintiff as set out above.

22.     The plaintiff says that as a direct result of the actions of the defendants it has or will lose customers and thus suffer damages. Full particulars of any damages suffered are unknown at present.

ALT. SOFTWARE INC.

(Short title of proceeding)

- and -

DARRYL PARISIEN, DANIEL JONCAS et al

PLAINTIFF(S)    DEFENDANT(S)

Court file no. 12-CV- 12-453209

**SUPERIOR COURT OF JUSTICE**
Proceeding commenced at Toronto

**STATEMENT OF CLAIM**

**CHRISTOPHER ASHBY**
Barrister
1013-8 King Street East
Toronto, ON M5C 1B5

(416) 368-4422 - Fax (416) 368-4424

Lawyer for the Plaintiff